FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA LAGROU, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MONTEREY FINANCIAL SERVICES, LLC, D/B/A/ MONTEREY COLLECTIONS,<br><br>    Defendant. | No. 2:18-cv-0313-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's 12(b)(6) Motion to Dismiss, ECF No. 14. The motion was heard without oral argument.

Defendant contends that Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(1) for want of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. The withdrawal of the bankruptcy reference cured any disputes regarding subject matter jurisdiction, and this Court is satisfied that it has jurisdiction to hear the case under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. For the reasons stated below, dismissal under Rule 12(b)(6) is also improper.

//

//

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1**

## STANDARD

Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. Under ordinary liberal pleading standards, a plaintiff need only plead sufficient facts which, if taken as true, allow the Court to draw reasonable inferences that a plausible ground for relief exists. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 12(b)(6) dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint does not need detailed factual allegations but it must provide more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 678.

## AMENDED COMPLAINT

In considering the 12(b)(6) motion to dismiss, the Court takes the following facts *solely* from the Amended Complaint.

Defendant sent Plaintiff a collection attempt on April 29, 2016, seeking to collect $2,709.36. Plaintiff sent a dispute letter that informed Defendant that she disputed the debt, requested validation, and requested not to be contact by phone regarding the debt. In response to the dispute letter, Defendant sent a follow-up letter.

> Defendant's follow-up letter reads in its entirety:
> In response to the letter we received and pursuant to the debt validation requirements set forth in the Fair Debt Collection Practices Act, all calls from my office regarding the defaulted account with HDL, Inc. will cease. However, this defaulted account will report

>accordingly, as a disputed collection account on your credit report. Call our office today to set up the necessary arrangements to satisfy your obligation to the contract.

ECF No. 1 at 631.

This letter has three components: first, notice that all calls will cease, per Plaintiff's request; second, the reporting statement; and third, the contact statement.

Plaintiff argues that this letter violated two provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et al (FDCPA). First, she argues that the reporting statement constituted a false, deceptive, or misleading statement in violation of 17 U.S.C. § 1692e(5). Second, she argues that the letter in its entirety constituted an attempt to collect a disputed debt without providing verification, in violation of 15 U.S.C. §1692g(b).

## ANALYSIS

Defendant seeks to dismiss Plaintiff's claims for relief on the grounds that she has not adequately pled either claim. The Court disagrees. Plaintiff has sufficiently alleged facts that, if taken as true, state a plausible ground for relief.

The FDCPA prohibits a collector from making any false, deceptive, or misleading statements, including making a threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5). Plaintiff alleges that the reporting statement ("However, this defaulted account will report accordingly, as a disputed collection account on your credit report") conveys a definite intent to report the debt to credit agencies, but that Defendant never actually intended to do so. Defendant does not allege in its motion to dismiss or reply that it intended to report the debt. Rather, it disputes that this statement was anything more than a disclosure that *if* it reported the debt, the report would reflect that the debt is disputed.

The Ninth Circuit applies the "least sophisticated debtor" standard, under which a communication violates the FDCPA if "the least sophisticated debtor

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** – 3

would 'likely' be misled." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). Defendant's assertion that Plaintiff's interpretation is "bizarre, idiosyncratic, or peculiar" is unfounded. Much of Defendant's argument is based upon the first sentence in the letter, which informed Plaintiff that it would cease all calls. Defendant attempts to extend this to an assurance that all collection attempts would cease, and thus that Plaintiff should have understood that Defendant would not report the debt. *See* ECF No. 15, at 6.

The plain language of the follow-up letter demonstrates that Plaintiff's interpretation is reasonable. The appositional "However" indicates a tension between the first and second sentence. The first sentence indicates that a limited type of collection efforts (phone calls) would cease, while the second states that Defendant "will" report the debt, using the definitive "will", an "auxiliary verb commonly having the mandatory sense of 'shall' or must,'". . . "a word of certainty, while the word 'may' is one of speculation and uncertainty." BLACK'S LAW DICTIONARY, 1598 (6th ed. 1990). Not only is Plaintiff's interpretation a reasonable one, Defendant's is not. Thus, Plaintiff has adequately pled sufficient facts to support her first claim.

Plaintiff's second claim is also adequately pled. Plaintiff alleges that the follow-up letter constituted an attempt to collect a disputed debt without providing verification, in violation of 15 U.S.C. § 1692g(b). Defendant disputes that the follow-up was an attempt to collect a disputed debt, and that it was instead a confirmation that it received Plaintiff's letter, and which further provided Plaintiff with some information on FDCPA protections. Much of this claim hinges upon the contact statement.

Defendant argues that this statement was an invitation to contact and not a collection attempt, citing *Ferrulli v. BCA Fin. Servs., Inc.,* No. 17-cv-13177 (KSH) (CLW), 2018 WL 4693968, at *3 (D.N.J. Sept. 28, 2018). However, this case is distinguishable from *Ferrulli* and the cases cited therein.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** - 4

The disputed language in *Ferrulli* was, "If you have any questions regarding this debt you may speak to an account representative by calling our office." *Id*. *Ferrulli* cites a number of other examples of invitations to contact which have been found not to be collection attempts: *Borozan v. Financial Recovery Services, Inc.*, No. 17-11542, 2018 WL 3085217 (D.N.J. June 22, 2018) ("Please feel free to call us at the toll-free number listed below or use our online consumer help desk"); *Reizner v. Nat'l Recoveries, Inc.*, No. 17-2572, 2018 WL 2045992 (D.N.J. May 2, 2018) ("You may write to us at the address listed below or telephone us at the number provided below"); *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013) ("If we can answer any questions, or if you feel you do not owe this amount, please call us toll free at 800-984-9115 or write us at the above address").

The disputed language in this case is: "Call our office today to set up the necessary arrangements to satisfy your obligation to the contract." This is distinct from the permissive language found in the invitations above. It is in the imperative tense and lacks any of the "if", "may", "please" language found in the cases referenced above. When coupled with the reporting statement, it presents a clear message: Defendant will report the debt and Plaintiff is instructed to contact Defendant to arrange for paying the debt.

Neither party provides a Ninth Circuit case defining what constitutes a collection attempt, but the Eleventh Circuit, citing Second and Fourth Circuit cases, has provided a straightforward definition: a communication is a collection attempt under the FDCPA if it "conveys information about a debt and its aim is at least in part to induce the debtor to pay." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014) citing *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2d Cir. 1998) and *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Under that standard it is clear that the follow-up letter was an attempt to collect the debt, despite Plaintiff's message disputing the debt and requesting

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** - 5

validation. Because Defendant had not provided verification prior to sending the follow-up letter, Plaintiff has adequately pled a plausible claim under 15 U.S.C. § 1692g(b).

Because Plaintiff has sufficiently alleged facts that, if taken as true, state a plausible ground for relief, Defendant's Motion to Dismiss, ECF No. 15, must be **DENIED.**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, ECF No. 14, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 6th day of March 2019.



_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6**