FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA LAGROU, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MONTEREY FINANCIAL SERVICES, LLC, D/B/A/ MONTEREY COLLECTIONS,<br><br>    Defendant. | No. 2:18-CV-0313-SAB<br><br>**ORDER DENYING CLASS CERTIFICATION** |

Before the Court are Plaintiff's Motion for Class Certification and supporting Memorandum of Law, ECF Nos. 31 and 32, and Defendant's Opposition to Plaintiff's Motion for Class Certification, ECF No. 48. These motions were considered without oral argument. Plaintiff is represented by Matthew Crotty, Ronald Allen Page Jr., and Stephen Taylor. Defendant is represented by Carson Cooper, Richard Scherer Jr., James Donaldson, and Timothy George Moore.

### Factual Background

On or about October 1, 2014, Plaintiff Christina Lagrou ("Ms. Lagrou") received services from Women's Health Connection ("WHC"), a local healthcare provider. ECF No. 27 at ¶ 9. Health Diagnostic Laboratory, Inc. ("HDL"), a

**ORDER DENYING CLASS CERTIFICATION * 1**

Virginia-based company that specialized in providing laboratory services, then performed laboratory tests in connection with Ms. Lagrou's medical services. *Id.* at ¶ 10.

On June 7, 2015, HDL filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Eastern District of Virginia. *Id.* at ¶ 11. The Virginia District Court entered an order confirming the Debtors' second amended plan of liquidation, confirming Richard Arrowsmith as the liquidating trustee and successor to HDL. *Id.* at ¶ 12.

Arrowsmith then hired Defendant Monterey Financial Services ("Monterey"), a debt collection agency, to collect debts stemming from HDL's lab tests. *Id.* at ¶ 13. Monterey sent out a collection letter to Ms. Lagrou on April 29, 2016, seeking to collect $2,709.36. *Id.* at ¶ 15. Ms. Lagrou disputed the debt and sent a letter to Monterey on May 6, 2016, "unequivocally informing them" that she disputed the debt and requested validation. *Id.* at ¶ 20.

In response to Ms. Lagrou's dispute letter, Monterey sent a follow-up letter on May 13, 2016 ("the May 13th letter"). *Id.* at ¶ 21. This letter stated that Ms. Lagrou's account was a "defaulted account with HDL, Inc.," that "this defaulted account will report accordingly, as a disputed collection on your credit report," and instructed Ms. Lagrou to "call our office today to set up the necessary arrangements to satisfy your obligation to the contract." *Id.* at ¶ 22. Ms. Lagrou alleges the May 13th letter was derived from a template called an "EN453 template" and that Monterey sent substantially similar letters to 22 other individuals. ECF No. 32 at 4.

Ms. Lagrou alleges that the May 13th letter was false and violated two provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. First, Ms. Lagrou alleges that Monterey's statement that they would report the HDL account as a disputed collection on Ms. Lagrou's credit report ("the reporting statement") constituted a false, deceptive, or misleading statement, in

**ORDER DENYING CLASS CERTIFICATION \* 2**

violation of 15 U.S.C. § 1692e(5). *Id.* at ¶¶ 47-53. Second, Ms. Lagrou alleges that the May 13th letter in its entirety constituted an attempt to collect a disputed debt without providing verification, in violation of 15 U.S.C. § 1692g(b). *Id.* at ¶¶ 54-58.

## Procedural Background

Ms. Lagrou filed her first class action complaint against Monterey on March 10, 2017, as an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Virginia. *Lagrou v. Monterey Financial Services, LLC*, Doc. 1, 17-03092(KRH) (Bankr. E.D. Va. 2017). On October 9, 2018, the District Court for the Eastern District of Virginia granted Ms. Lagrou's Motion to Withdraw the Reference of the matter to the Bankruptcy Court and to transfer the matter to the Eastern District of Washington. *Id.* at Docs. 7-8.

Monterey filed a Motion to Dismiss for Failure to State a Claim on November 16, 2018. ECF No. 14. This Court denied Defendant's Motion to Dismiss, finding that Ms. Lagrou adequately pled a plausible claim for relief under both 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692g(b). *Id.* at 3-6. As to Ms. Lagrou's claim that Monterey's reporting statement constituted a false, deceptive, or misleading statement in violation of § 1692e(5), the Court found that Monterey's reporting statement gave rise to a reasonable interpretation that they had a "definite intent to report the debt to credit agencies," even though Monterey "never actually intended to do so." *Id.* at 3. As to Ms. Lagrou's claim that the May 13th letter was an attempt to collect a disputed debt without providing verification in violation of § 1692g(b), the Court found that the language in Monterey's letter stating "Call our office today to set up the necessary arrangements to satisfy your obligation to the contract," in conjunction with the reporting statement, was an attempt to collect the debt before providing verification. *Id.* at 5-6.

Ms. Lagrou filed an Amended Complaint on September 12, 2019. ECF No. 27. She then filed a Motion for Class Certification and supporting Memorandum of

**ORDER DENYING CLASS CERTIFICATION \* 3**

Law on February 21, 2020. ECF Nos. 31, 32. In her motion, Ms. Lagrou defines the proposed class as: "All consumers within the United States Defendant sent a letter substantially similar to the May 13, 2016, letter sent to Plaintiff, in response to a consumer dispute." ECF No. 32 at 2. Monterey filed an Opposition to Ms. Lagrou's Motion for Class Certification on August 12, 2020. ECF No. 48. Ms. Lagrou filed a Reply Memorandum of Law in support of the motion on September 9, 2020. ECF No. 51.

## Legal Standard

Rule 23 of the Federal Rules of Civil Procedure governs the certification of a class. Rule 23(a) requires the party seeking certification to demonstrate:

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23 is not a mere pleading standard, and the requirements of the rule must be found after a "rigorous analysis." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011).

In addition to meeting the requirements of Rule 23(a), a proposed class must also satisfy at least one of the subsections of Rule 23(b). *Id.* Ms. Lagrou seeks to certify a class under Rule 23(b)(3), which requires the Court to find that common questions of fact or law predominate over any questions that affect only individual members and that class action is superior to other methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

Neither the Ninth Circuit nor the Supreme Court has articulated a standard of proof in determining whether the elements of a class action have been satisfied.

**ORDER DENYING CLASS CERTIFICATION * 4**

*See Garcia v. Shasta Beverages Inc*, No. CV 19-7798 PA (AFMX), 2020 WL 3628754, at *2 (C.D. Cal. Mar. 30, 2020); *Southwell v. Mortg. Inv'rs Corp. of Ohio*, No. C13-1289 MJP, 2014 WL 3956699, at *1 (W.D. Wash. Aug. 12, 2014). However, many courts have chosen to apply the preponderance of the evidence standard. *Id.*

## Analysis

Ms. Lagrou argues that she has satisfied all the elements of class certification and that certifying a class in this case would facilitate judicial economy, provide a feasible means to hear individual claims that would realistically not be brought without a class action, and deter inconsistent rulings. ECF No. 32 at 4. Monterey argues that Plaintiff fails to satisfy both numerosity and adequacy because (1) she has not shown that the class is so numerous that joinder is impracticable and (2) because Ms. Lagrou, as a class representative, has little knowledge of the basic aspects of her case and has no interest in controlling the litigation. ECF No. 48 at 2-3. Ms. Lagrou raises two arguments in response. First, she argues that she can show that joinder of the 16 class members is impracticable because the class members are geographically diverse and they, as individuals, lack the ability and financial resources to pursue separate suits. ECF No. 51 at 3-5. Second, she argues that she is an adequate class representative because she knows the basic elements of her claim and has not completely ceded control over the case to her counsel. *Id.* at 7-8.

As discussed below, because Ms. Lagrou can neither show that she meets the presumptive threshold for numerosity nor that joinder in this case is impracticable, the Court denies Plaintiff's Motion for Class Certification.

//
//
//
//

**ORDER DENYING CLASS CERTIFICATION * 5**

1. <u>Whether Ms. Lagrou can satisfy the numerosity requirement under Rule 23(a)(1)</u>

Monterey argues that Ms. Lagrou cannot satisfy the numerosity requirement because the proposed class only has 16 members and she cannot show that joinder of these 16 members would be impracticable because they are easily identifiable and all live on the West Coast. ECF No. 48 at 5-8. Ms. Lagrou, in response, argues that 16 class members does not automatically fail numerosity and that joinder is impracticable because it would create "needless procedural complexity," the proposed class members are all over Washington and California, and—given the low-recovery nature of FDCPA suits—it is unrealistic that individual class members will pursue their own lawsuits, especially given the risk of being drawn into the HDL bankruptcy proceedings. ECF No. 51 at 2-6.

  a. *Whether a proposed class of 16 presumptively fails the numerosity requirement*

Both the Supreme Court and the Ninth Circuit have said that the "numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw, Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980); *see also Jordan v. Los Angeles Cty.*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, *Cty. of Los Angeles v. Jordan*, 459 U.S. 810 (1982) ("[T]he absolute number of class members is not the sole determining factor."). But they have also both stated that a class of 15 members would be too small to meet the numerosity requirement. *Gen. Tel. Co. of the Nw., Inc.*, 446 U.S. at 330 ("Title VII, however, applies to employers with as few as 15 employees. When judged by the size of the putative class in various cases in which certification has been denied, this minimum would be too small to meet the numerosity requirement."); *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003) ("The Supreme Court has held fifteen is too small. The certification of those classes must be vacated on numerosity grounds.");

**ORDER DENYING CLASS CERTIFICATION \* 6**

*Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) ("The [Supreme] Court based this assessment on a review of lower court cases in which certification was denied to classes in the 16 to 37 range. In light of this trend, the Court concluded that a trial court would almost certainly require joinder of all class members rather than certify a class of 15 (citations omitted).").

Here, Monterey alleges—and Ms. Lagrou even appears to accept—that the class size is only 16 members. ECF No. 48 at 2; ECF No. 51 at 2. This is merely one above what the Supreme Court held to be "too small to meet the numerosity requirement." *Gen. Tel. Co. of the Nw.*, 446 U.S. at 330. Thus, based on class size alone, Ms. Lagrou cannot satisfy the numerosity requirement under 23(a)(1).

    b. *Whether Ms. Lagrou has shown that joinder of the proposed 16 class members is impracticable*

Even if a proposed class size of 16 did not fail the numerosity requirement or if Ms. Lagrou could show that the proposed class size was instead between 16 and 22 members, Ms. Lagrou still could not show that joinder of the proposed class members is impracticable.

"Where the class is not so numerous . . . the number of class members does not weigh as heavily in determining whether joinder would be infeasible . . . other factors such as the geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought, should be considered in determining impracticability of joinder." *Jordan*, 669 F.2d at 1319. Courts also consider whether the proposed class members are known and identifiable. *Id.* at 1320 ("[T]he class is composed of unnamed and unknown future black applicants . . . . The joinder of unknown individuals is inherently impracticable."). "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class (citation omitted)." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964)

**ORDER DENYING CLASS CERTIFICATION \* 7**

The Court applies the *Jordan* factors to this case. First, the factors of whether the proposed class members are known and identifiable and whether they are geographically diverse weigh against class certification. Monterey alleges that Ms. Lagrou's proposed class definition only encompasses 16 individuals. ECF No. 48 at 2. Monterey also argues that it can identify each of the proposed class members because they sent the debt collection letters to 14 individuals with addresses in Washington and two individuals with addresses in California. *Id.* Second, the factor of whether the plaintiffs are seeking injunctive or declaratory relief also weighs against class certification. Ms. Lagrou and the other proposed class members are bringing claims for actual and statutory damages under the FDCPA. ECF No. 27. However, it is likely that the factor of whether individuals would be able to institute separate suits weighs in favor of class certification. Neither Ms. Lagrou nor Monterey allege the amount of actual damages incurred by the proposed class members—Ms. Lagrou only alleges that Monterey tried to collect $2,709.36 from her, but not how much Monterey's FDCPA violations damaged her. *Id.* at ¶ 15. But for statutory damages, 15 U.S.C. § 1692k states that an individual can only recover statutory damages up to $1,000, whereas in a class action, plaintiffs can recover up to the lesser of $500,000 or 1% of the net worth of the debt collector.

Here, the majority of the *Jordan* factors suggest that joinder is not impracticable. Because Monterey sent the debt collection letters to individuals at specified addresses, the proposed class members are known and identifiable. *Contra Jordan*, 669 F.2d at 1320. According to Monterey, the proposed class members are all reside on the West Coast and are, in fact, overwhelmingly here in Washington. ECF No. 48 at 2. Though Ms. Lagrou argues that Washington and California are still "very large states and travel from any point not relatively close to this Courthouse would require considerable time," ECF No. 51 at 4, this does not rise to the level of impracticability, especially given the small number of

ORDER DENYING CLASS CERTIFICATION * 8

proposed class members. *See Martignetti v. Bachman*, No. CV 10-00548-DMG (ANx), 2011 WL 13257439, at *3-4 (C.D. Cal. Nov. 28, 2011) ("Geographical diversity is not an overwhelming barrier to joinder as the majority of potential class members reside in California [26 class members]. In addition, all but one of the potential out-of-state class members [41 class members] live in nearby Nevada."); *contra In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2017 WL 679367, at *13 (N.D. Cal. Feb. 21, 2017) ("The DPPs contend that there are 55 Class Members who are widely geographically dispersed across the United States."); *Charlebois v. Angels Baseball, LP*, No. SACV 10-0853-DOC (ANx), 2011 WL 2610122, at *9 (C.D. Cal. June 30, 2011) ("[T]he likelihood of broad diversity of geographical locations of class members, who may have attended games while visiting the Los Angeles area—weigh in favor of finding an impracticability of joinder that is sufficient to establish numerosity."); *Buttino v. F.B.I.*, No. C-90—1639SBA, 1992 WL 12013803, at *2 (N.D. Cal. Sept. 25, 1992) ("[B]ecause FBI employees work throughout the United States, the proposed class members are geographically dispersed throughout the country.").

It is true that the proposed class members are all individuals who, given the low-recovery nature of FDCPA suits, would be unlikely to bring damages suits on their own. But Ms. Lagrou's primary arguments for why the Court should certify a class are (1) the Court has "already decided the key question of liability," (2) there is a high disincentive for any plaintiff to bring an individual suit in this case for fear of being sucked into the HDL bankruptcy, and (3) forcing proposed class members to bring individual suits would inject "needless procedural complexity." ECF No. 51 at 3-6. The Court addresses each of these arguments in turn. First, Ms. Lagrou mischaracterizes the Court's previous ruling. To support her claim that the Court already decided the central question of liability, Ms. Lagrou cites to the Court's order denying Monterey's Motion to Dismiss for Failure to State a Claim, ECF No. 14. But the Court in that order merely said that Ms. Lagrou had

**ORDER DENYING CLASS CERTIFICATION * 9**

adequately claim a plausible claim for relief—it was not a definitive ruling on the merits. *Id.* at 3-6. Second, as Monterey points out, Ms. Lagrou's argument about proposed class members' aversion to being drawn into the bankruptcy proceeding does not answer why joinder in *this* action is impracticable. ECF No. 48 at 9. Third, though it may be true that a class action is functionally the only way these individuals can receive relief, the Court cannot simply certify a class for policy reasons—Ms. Lagrou must be able to affirmatively demonstrate that the class actions requirements are met. But because she cannot satisfy the presumptive threshold for numerosity and she cannot show that joinder is impracticable, the Court denies Ms. Lagrou's Motion for Class Certification.

    2. <u>Whether Ms. Lagrou can satisfy the adequacy requirement under Rule 23(a)(4) or the Rule 23(b) requirements</u>

Because the Court finds that Ms. Lagrou cannot satisfy the numerosity requirement under Rule 23(a)(1), the Court does not find it necessary to address whether Ms. Lagrou is an adequate class representative. Additionally, because Ms. Lagrou fails to satisfy the threshold requirements of Rule 23(a), the Court need not consider whether her claims satisfy Rule 23(b).

//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING CLASS CERTIFICATION \* 10**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Class Certification, ECF No. 31, is **DENIED.**

2. Defendant's Opposition to Plaintiff's Motion for Class Certification, ECF No. 48, is **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 15th day of October 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING CLASS CERTIFICATION** * 11